BAKER & HOSTETLER LLP
Phillip H. Wang, WSBA # 57647
Cornelia Brandfield-Harvey, WSBA # 59746
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: (206) 332-1114
pwang@bakerlaw.com
cbrandfieldharvey@bakerlaw.com

Matthew C. Kane (PHV application forthcoming)
California State Bar No. 171829
Amy E. Beverlin (PHV application forthcoming)
California State Bar No. 284745
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4508
Tel: (310) 820-8800
mkane@bakerlaw.com
abeverlin@bakerlaw.com

*Attorneys for Defendant Old Dominion Freight Line, Inc.*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| SUTTERMEMORY F. TALAMONI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia Corporation in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 2:26-cv-360<br><br>**DEFENDANT OLD DOMINION FREIGHT LINE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION** |

Pursuant to 28 U.S.C. § 1332(d) (the Class Action Fairness Act or "CAFA"), 28 U.S.C. § 1441 *et. seq.*, and 28 U.S.C. § 1446 *et. seq.,* Defendant Old Dominion Freight Line, Inc. removes the above-captioned action from the Superior Court of Washington for Spokane County to this

Court on the ground of original jurisdiction based on CAFA and all other applicable grounds for removal jurisdiction. The following statement is submitted in accordance with 28 U.S.C. § 1446:

## I. STATEMENT OF JURISDICTION

1. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

2. There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("*Dart Cherokee*") ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'" *Id.* at 89, *quoting* S. Rep. No. 109-14, p. 43 (2005).

3. Removal to this Court is proper because the action was filed and is pending in the Superior Court of Washington for Spokane County, which is within this judicial district. 28 U.S.C. §§ 128(b) and § 1446(a).

4. As set forth below, this Court has jurisdiction over this case under CAFA, and this case may be removed to this Court pursuant to 28 U.S.C. § 1441(a), because: (1) the proposed class contains more than 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) the total amount in controversy ("**AIC**") for all class members exceeds $5,000,000; (4) there is diversity between at least one class member and Defendant; and (5) this case is being timely and properly removed by the filing of this Notice.

## II. STATUS OF PLEADINGS

5. On or about July 2, 2026, Plaintiff Suttermemory F. Talamoni filed a putative Class Action Complaint for Damages and Injunctive Relief (the "**Complaint**") in the Superior Court of Washington for Spokane County (the "**State Court**") against Defendant, entitled *Suttermemory F.*

*Talamoni, individually and on behalf of all others similarly situated v. Old Dominion Freight Line, Inc., a Virginia Corporation in the State of Washington, and Does 1 through 100, inclusive,* Case Number 26-2-03337-32 (the "**State Court Action**"), a true and correct copy of which is attached hereto as Exhibit A.

6. On or about July 9, 2026, Defendant's registered agent for service of process was personally served with copies of the Summons and Complaint. The only other process, pleading and order served on Defendant on or around July 9, 2026 are the Summons and Case Information Cover Sheet, which are attached hereto as Exhibits B and C, respectively.

7. Defendant is informed and believes that the only additional document that is on file in the State Court Action is the Declaration of Service, which is attached hereto as Exhibit D.

8. Defendant is further informed and believes that there has been no service of process upon Defendants DOES 1 through 100, which are fictitious defendants to be disregarded for the purposes of this removal. *See* 28 U.S.C. § 1441(a).

9. Plaintiff's Complaint asserts that he and the putative class he seeks to represent are all hourly-paid or non-exempt employees of Defendant in the State of Washington. *See* Exh. A (Complaint), ¶ 6.1.

10. Plaintiff's Complaint asserts nine causes of action: (1) failure to provide rest periods; (2) failure to provide meal periods; (3) failure to pay overtime wages; (4) payment of wages less than entitled: (5) failure to accrue and allow use of paid sick leave; (6) unlawful deductions and rebates; (7) failure to pay all wages due at termination; (8) willful refusal to pay wages; and (9) failure to pay all wages due at established pay periods.

## III. CAFA JURISDICTION IS SATISFIED

### A. This Action Is A Class Action Under CAFA

11. Pursuant to Section 4 of CAFA, 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which —


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

12. CAFA defines a "class action" to include civil actions filed under State statutes or rules of procedure similar to Fed. R. Civ. P. 23 which authorize an action to be brought by one or more representative persons as a class action. The Complaint is titled "Class Action Complaint for Damages and Injunctive Relief" and alleges that it is brought pursuant to Washington Civil Rule 23 on behalf of a purported class. *See* Exh. A (Complaint), ¶ 6.1. Therefore, this action is a "class action" under CAFA.

**B. Minimum Diversity Exists**

13. Minimum diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A). Plaintiff alleges that he is a "resident of Washington." Exh. A (Complaint), ¶ 3.1. Further, Defendant is informed and believes that Plaintiff is residing and intends to indefinitely remain living continuously in Washington, and that his domicile presently is in Washington. Additionally, the putative class is defined to only include "hourly-paid or non-exempt employees of [Defendant] in the State of Washington." *See* Exh. A (Complaint), ¶ 6.1. Accordingly, Plaintiff is a citizen of Washington for purposes of CAFA. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled).[1]

14. Defendant is a corporation and is therefore deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is generally where its headquarters is located.[2] As reflected on the State of Washington Secretary of State's Corporations search

---

[1] *See also Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address and driver's license); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

[2] *See Hertz Corp. v. Friend,* 130 S.Ct. 1181, 1192 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination."); *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001).

website, Defendant is a Virginia corporation with its corporate headquarters and principal place of business in Thomasville, North Carolina, where its executives are located. *See* URL at https://www.sos.wa.gov/corps/search_detail.aspx?ubi=600353022 (Corporation Name Searched: "Old Dominion Freight Line, Inc."). At its corporate headquarters, Defendant's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, Defendant was not and is not a citizen of the State of Washington but, rather, was and is a citizen of Virginia and North Carolina for the purpose of determining jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *Hertz*, 130 S.Ct. at 1192; *Tosco*, 236 F.3d at 499.

15. Consequently, Defendant's citizenship is diverse from Plaintiff's citizenship, and the minimum diversity requirement under CAFA is satisfied.

**C. The Amount in Controversy Exceeds $5,000,000**

16. Based on the following calculations, Defendant avers that the AIC exceeds $5,000,000 only for the purposes of establishing subject matter jurisdiction under CAFA. Defendant's allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper.[3]

17. A removing Defendant's notice of removal need only contain plausible allegations, consistent with Fed. R. Civ. P. 8(a), to demonstrate the AIC. Evidentiary submissions are not required unless and until the removing Defendant's allegations are contested by the plaintiff or questioned by the court:

> In sum, as specified in 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

[3] *See LaCrosse v. Knight Truck and Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. 2015), *quoting Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1198 n. 1 (9th Cir. 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial'").


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

*Dart Cherokee*, 574 U.S. at 89.

18. This standard applies to complaints like the Complaint here, which do not allege or seek a specific amount of damages:

> When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy … the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal.

*Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197-98 (9th Cir. 2015), *citing Dart Cherokee*, 574 U.S. at 89.

19. The plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse*, 775 F.3d at 1202, *citing St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). The ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint, not what a court or jury might later determine to be the actual amount of damages, if any.[4]

20. Plaintiff brings this action on behalf of himself and a putative class defined as:

> All hourly-paid or non-exempt employees of Defendants in the State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Exh. A (Complaint), ¶ 6.1.

21. CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the aggregate AIC for all class members exceeds five million dollars

---

[4] *See Ibarra*, 775 F.3d at 1198 n. 1, *citing Sparta Surgical Corp. v. Nat'l Ass'n of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998) (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"); *St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *Wilder v. Bank of Am., N.A.*, 2014 WL 6896116, *4 (C.D. Cal. Dec. 5, 2014) (citing cases holding that in measuring the amount in controversy, the court assumes that a jury will return a verdict on all claims asserted in the complaint, and that the ultimate inquiry is what the complaint alleges, not what the defendant might actually owe).


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

($5,000,000). *See* 28 U.S.C. § 1332(d). Here, the claimed damages and penalties in the Complaint exceed that jurisdictional minimum.

22. The statute of limitations on the claims asserted in the Complaint is three years. *See* RCW 4.16.080(2)-(3); *Prof'l Eng'g Ass'n v. Boeing Co.,* 139 Wash. 2d 824, 837-838 (2000) (three-year statute of limitations applies to wage claims). Given that the Complaint was filed on July 2, 2026, the putative class period begins on July 2, 2023.

**<u>SIZE OF THE PROPOSED CLASS</u>**

23. According to the Complaint, "[t]he number of class members is reasonably estimated to be at least several thousand individuals" and the "Class is so numerous that joinder of all Class Members is neither feasible nor practical." Exh. A (Complaint), ¶ 6.2. Indeed, there are more than 100 individuals who are putative class members ("**PCMs**") during the putative class period as defined in the Complaint. *Id.*, ¶ 6.1. Therefore, the aggregate membership of the proposed class is *at least* 100 as required under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**<u>CAFA AMOUNT IN CONTROVERSY</u>**

24. The claims of the individual PCMs in a "class action" are aggregated to determine if the AIC exceeds the sum or value of $5 million. *See* 28 U.S.C. §§ 1332(d)(6), (11). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.[5]

---

[5] *See* S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its

25. Defendant's employment data for its Washington-based non-exempt, hourly-paid employees from July 2, 2023 through August 10, 2026 (the "**3-Year SOL Period**") was used to determine the CAFA AIC for purposes of this Notice of Removal.

**FAILURE TO PROVIDE REST PERIODS**

26. Plaintiff seeks unpaid wages based on Defendant's alleged failure to pay wages for rest periods, alleging that Defendant "failed to authorize and permit Plaintiff and [PCMs] to take legally compliant rest periods and failed to provide compensation for such missed rest [periods] as required by Washington State wage and hour laws." Exh. A (Complaint), ¶ 5.7. Specifically, Plaintiff alleges ***without qualification*** that Defendant "regularly denied Plaintiff and [PCMs] lawful rest breaks by, ***without limitation***, [] failing to provide rest breaks all together, failing to provide rest breaks that were at least ten minutes in length, including rest breaks that may have encompassed a total of ten minutes but were in practice less than ten uninterrupted minutes due to, ***without limitation***, walking time to get to go back to the work station; interrupting rest breaks; requiring employees [to] carry cellular telephones during rest breaks; not providing rest breaks in a timely fashion; not permitting employees to leave the premises during rest breaks; and otherwise requiring on-duty/on-call rest breaks." *Id.*, ¶ 5.8 (emph. added). Plaintiff further alleges that Defendant has "an obligation to provide employees with ten minutes of additional pay for each missed rest break." *Id.*, ¶ 8.8. Plaintiff alleges that Defendant has "engaged in a common course of failing to pay overtime wages to Plaintiff and [PCMs] during workweeks in which missed rest breaks extended the workweek beyond forty (40) hours." *Id.*, ¶ 5.16.

27. Plaintiff alleges that his "claims are ***typical*** of the claims of the [PCMs] because … the claims of Plaintiff, like the claims of the Class, arise out of the same course of conduct by [Defendant] and are based on the same legal and remedial theories." *Id.*, ¶ 6.4 (emph. added). In terms of such typicality, Plaintiff's base hourly rate of pay was $30.15 during his employment.

---

provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").



BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

28. During the 3-Year SOL Period, PCMs worked an aggregate of (1) 1,486 workdays with recorded time worked of over three hours but not more than four hours, which are reasonably assumed to require one rest period during each such workday; (2) 25,257 workdays with recorded time of over seven hours but not more than eight hours, which are reasonably assumed to require two rest periods during each such workday; (3) 5,824 workdays with recorded time of over 11 hours but not more than twelve hours, which are reasonably assumed to require three rest periods during each such workday; and (4) 8 workdays with recorded time of over 15 hours but not more than 16 hours, which are reasonably assumed to require four rest periods during each such workday. Accordingly, utilizing Plaintiff's "typical" base hourly rate, Defendant calculates the total base regular wages AIC on Plaintiff's putative class claims for failure to provide rest periods to be at least **$346,869.41**, calculated as the sum of the following, plus such additional amounts through the ultimate adjudication of this action:

| **Rate of Pay** | | **Rest Period Hours Per Day** | | **Total Number of Workdays** | | **Amount In Controversy** |
|---|---|---|---|---|---|---|
| $30.15 | x | 0.17 | x | 1,486 | = | $7,616.49 |
| $30.15 | x | 0.33 | x | 25,257 | = | $251,294.52 |
| $30.15 | x | 0.50 | x | 5,824 | = | $87,796.80 |
| $30.15 | x | 0.67 | x | 8 | = | $161.60 |
| **TOTALS** | | | | **32,575** | | **$346,869.41** |

29. **Overtime Wages For Rest Period Violations**. Overtime hours are ordinarily compensated at 1.5 times the effective hourly rate pursuant to RCW 49.46.130(1). During the 3-Year SOL Period, approximately 43.29% of PCMs' workweeks were eligible to require additional wages to be paid at an overtime rate of pay based on Plaintiff's purported claims alleged in the

Complaint. Accordingly, Defendant reasonably estimates the total overtime wages AIC on Plaintiff's putative class claims for rest period violations to be at least **$75,079.88** [$346,869.41 x 43.29% x 0.5 OT premium], plus such additional amounts including through the ultimate adjudication of this action. Therefore, the AIC on this claim for base regular and overtime wages is at least **$421,949.29** [$346,869.41 + $75,079.88].

30. In addition, Plaintiff alleges that Defendant's failure to pay wages for rest periods was *willful* and *intended* to deprive PCMs of wages and, therefore, PCMs are "entitled to recovery of twice such damages or exemplary damages … under RCW 49.52.070." *See* Exh. A (Complaint), ¶¶ 15.3, 15.5. Therefore, the AIC is increased for such double damages by an additional **$421,949.29**, plus such additional amounts through the ultimate adjudication of this action.

31. Accordingly, the AIC on Plaintiff's claim for rest period violations is at least **$843,898.58** [$421,949.29 + $421,949.29], plus such additional amounts through the ultimate adjudication of this action.

**FAILURE TO PROVIDE MEAL PERIODS**

32. Plaintiff's **Second Cause of Action** seeks unpaid wages based on Defendant's alleged failure to pay wages for meal periods, alleging that Plaintiff and PCMs were not compensated for "missed meal periods as required by Washington State wage and hour laws." Exh. A (Complaint), ¶ 5.5. Plaintiff alleges Defendant "regularly denied Plaintiff and [PCMs] lawful meal periods by, ***without limitation***, failing to provide meal periods all together in order to meet quota demands; interrupting meal periods to discuss issues related to work tasks; not providing timely meal periods due to quota demands; failing to provide second meal periods; providing short meal periods; and requiring that employees carry cellular telephones during meal periods." *Id.*, ¶ 5.6 (emph. added). Plaintiff alleges that Defendant has "engaged in a common course of failing to pay overtime wages to Plaintiff and [PCMs] during workweeks in which missed meal periods extended the workweek beyond forty (40) hours." *Id.*, ¶ 5.17.


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

33. Plaintiff's meal period violations claim is predicated on *two* (2) distinct types of violations:

34. **First Meal Period Violations**. Plaintiff alleges that Defendant "knew or should have known that Plaintiff and [PCMs] were entitled to receive full, timely thirty (30) minute and duty-free uninterrupted meal period[s] for days on which they worked more than five (5) hours in a work day." *Id.*, ¶ 5.5.

35. During the 3-Year SOL Period, PCMs worked an aggregate of (1) 102,173 workdays with over five recorded hours but not more than 10 recorded hours ("**5/10-Hour Workdays**") and (2) 21,560 workdays with over ten recorded hours ("**10-Hour Workdays**"). Accordingly, there are at least 123,733 [102,173 + 21,560] first meal period-eligible days worked by PCMs, and, utilizing Plaintiff's "typical" base hourly rate, Defendant calculates the total base regular wages AIC on Plaintiff's putative class claims for failure to provide first meal periods to be at least **$1,865,274,98**, calculated as the sum of the following, plus such additional amounts through the ultimate adjudication of this action:

| Rate of Pay | | Meal Period Hours Per Day | | Total Number of First Meal Period Eligible Workdays | | Amount In Controversy |
|---|---|---|---|---|---|---|
| $30.15 | x | 0.50 | x | 123,733 | = | **$1,865,274.98** |

36. **Second Meal Period Violations**. Plaintiff also alleges that, when PCMs "worked in excess of ten (10) hours in a work day," Defendant "failed to provide Plaintiff and [PCMs] with legally compliant meal periods and failed to provide compensation for such missed meal periods." *Id.*, ¶ 5.6.

37. As averred above, during the 3-Year SOL Period, PCMs worked an aggregate of 21,560 10-Hour Workdays that would be second meal period-eligible. Accordingly, utilizing

Plaintiff's "typical" base hourly rate, Defendant calculates the total base regular wages AIC on Plaintiff's putative class claims for failure to provide second meal periods to be at least **$325,017.00**, calculated as the sum of the following, plus such additional amounts through the ultimate adjudication of this action:

| Rate of Pay | | Meal Period Hours Per Day | | Total Number of Second Meal Period Eligible Workdays | | Amount In Controversy |
|---|---|---|---|---|---|---|
| $30.15 | x | 0.50 | x | 21,560 | = | **$325,017.00** |

38. **Overtime Wages For Meal Period Violations**. As averred above, during the 3-Year SOL Period, approximately 43.29% of PCMs' workweeks were eligible to require additional wages to be paid at an overtime rate of pay based on Plaintiff's purported claims alleged in the Complaint. Accordingly, Defendant reasonably estimates the total overtime wages AIC on Plaintiff's putative class claims for alleged (1) first meal period violations to be at least **$403,738.77** [$1,865,274.98 x 43.29% x 0.5 OT premium] and (2) second meal period violations to be at least **$70,349.93** [$325,017.00) x 43.29% x 0.5 OT premium], plus such additional amounts through the ultimate adjudication of this action. Therefore, the AIC on this claim for base regular and overtime wages is at least **$2,664,380.68** [$1,865,274.98 + $325,017.00 + $403,738.77 + $70,349.93].

39. In addition, as averred above, Plaintiff alleges that Defendant's failure to pay wages for meal periods was *willful* and *intended* to deprive PCMs of wages and, therefore, PCMs are "entitled to recovery of twice such damages or exemplary damages … under RCW 49.52.070." *See* Exh. A (Complaint), ¶¶ 15.3, 15.5. Therefore, the AIC is increased for such double damages by an additional **$2,664,380.68**, plus such additional amounts through the ultimate adjudication of this action.


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

40. Accordingly, the AIC on Plaintiff's claim for meal period violations is at least **$5,328,761.36** [$2,664,380.68 + $2,664,380.68], plus such additional amounts through the ultimate adjudication of this action. *See* recap, *infra*.

**ALLEGED OFF-THE-CLOCK WORK**

41. Plaintiff alleges that Defendant "knew or should have known Plaintiff and [PCMs] were entitled to receive wages for all time worked, including regular and overtime wages." Exh. A (Complaint), ¶ 5.2. Plaintiff further alleges that Defendant "maintain[s] a practice and/or policy of failing to track all minutes actually worked by Plaintiff and [PCMs] for all minutes worked at the proper rates of pay." *Id.*, ¶ 5.3. Specifically, Plaintiff alleges that Defendant "engaged, suffered, or permitted Plaintiff and [PCMs] to work off the clock, including, without limitation, by requiring Plaintiff and [PCMs]" to: [1] complete post-shift tasks after clocking out," including "closing the warehouse and securing and locking the chains"; [2] wait in "long lines to clock in," including when "multiple employees clocked in at once due to the limited amount of time clocks"; and [3] "make phone calls/respond to emails/texts after hours regarding scheduling due to weekly schedule changes." *Id.*

42. **Post-Shift Work**. Based on Plaintiff's allegations regarding "mandatory post-shift duties," including "closing the warehouse and securing and locking the chains," Defendant conservatively estimates that Plaintiff is alleging that PCMs were undercompensated by at least 6 minutes (0.10) per workday for such alleged off-the-clock work. Consequently, utilizing Plaintiff's "typical" base hourly rate of $30.15, Defendant calculates the total base regular wages AIC on Plaintiff's putative class claims for such post-shift work to be *at least* $392,498.73, calculated as the sum of the following, plus such additional amounts through the ultimate adjudication of this action:


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

| Total Shifts Worked | | Base Regular Rate | | Daily Post-Shift Hours Worked Off-the-Clock | | Amount in Controversy |
|---|---|---|---|---|---|---|
| 130,182 | x | $30.15 | x | 0.10 | = | **$392,498.73** |

43. **Clock-In Wait Time**. Based on Plaintiff's allegations regarding time spent off-the-clock "waiting in long lines to clock in," Defendant conservatively estimates that Plaintiff is alleging that PCMs were undercompensated by at least 6 minutes (0.10) on at least 50% of their shifts for such alleged off-the-clock work. Consequently, utilizing Plaintiff's "typical" base hourly rate of $30.15, Defendant calculates the total base regular wages AIC on Plaintiff's putative class claims for such clock-in wait time to be *at least* $196,249.37, calculated as the sum of the following, plus such additional amounts through the ultimate adjudication of this action:

| Total Shifts Worked | | Base Regular Rate | | Daily Clock-In Wait Time Hours Worked Off-the-Clock | | Violation Rate | | Amount In Controversy |
|---|---|---|---|---|---|---|---|---|
| 130,182 | x | $30.15 | x | 0.10 | x | 50% | = | **$196,249.37** |

44. **After-Hours Communications**. Based on Plaintiff's allegations regarding time spent off-the-clock making "phone calls" and responding to "emails/texts after hours regarding scheduling due to weekly schedule changes," Defendant conservatively estimates that Plaintiff is alleging that PCMs were undercompensated at least 6 minutes (0.10) in connection with at least 25% of their shifts for such alleged off-the-clock work. Consequently, utilizing Plaintiff's "typical" base hourly rate of $30.15, Defendant calculates the total base regular wages AIC on Plaintiff's putative class claims for such after-hours communications to be *at least* $98,124.68, calculated as the sum of the following, plus such additional amounts through the ultimate adjudication of this action:

| Total Shifts Worked | | Base Regular Rate | | Daily After Hours Comm's. Hours Worked Off-the-Clock | | Violation Rate | | Amount In Controversy |
|---|---|---|---|---|---|---|---|---|
| 130,182 | x | $30.15 | x | 0.10 | x | 25% | = | **$98,124.68** |

45. **Overtime Wages For Alleged Off-the-Clock Work**. As averred above, during the 3-Year SOL Period, approximately 43.29% of PCMs' workweeks were eligible to require additional wages to be paid at an overtime rate of pay based on Plaintiff's purported claims alleged in the Complaint. Accordingly, Defendant reasonably estimates the total overtime wages AIC on Plaintiff's putative class claims for alleged (1) post-shift work to be at least **$84,956.35** [$392,498.73 x 43.29% x 0.5 OT premium]; (2) clock-in wait time to be at least **$42,478.18** [$196,249.37 x 43.29% x 0.5 OT premium]; and (3) after-hours communications to be at least **$21,239.09** [$98,124.68 x 43.29% x 0.5 OT premium], plus such additional amounts including through the ultimate adjudication of this action. Therefore, the AIC on this claim for base regular and overtime wages is at least **$835,546.39** [$392,498.73 + $196,249.37 + $98,124.68 + $84,956.35 + $42,478.18 + $21,239.09].

46. In addition, as averred above, Plaintiff alleges that Defendant's failure to pay wages for off-the-clock work was *willful* and *intended* to deprive PCMs of wages and, therefore, the PCMs are "entitled to recovery of twice such damages or exemplary damages … under RCW 49.52.070." *See* Exh. A (Complaint), ¶¶ 15.3, 15.5. Therefore, the AIC is increased for such double damages by an additional **$835,546.39**, plus such additional amounts through the ultimate adjudication of this action.

47. Accordingly, the AIC on Plaintiff's claim for alleged off-the-clock work is at least **$1,671,092.78** [$835,546.39 + $835,546.39], plus such additional amounts through the ultimate adjudication of this action. *See* recap, *infra*.

**FAILURE TO ACCRUE AND ALLOW USE OF PAID SICK LEAVE**

48. Plaintiff alleges Defendant "knew or should have known that Plaintiff and [PCMs] were entitled to paid sick leave" and "failed to provide Plaintiff and [PCMs] with the rights provided to them under the Washington Paid Sick Leave Law." Exh. A (Complaint), ¶ 5.14. Plaintiff further alleges that the "Washington Paid Sick Leave Law, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked. " *Id.*, ¶ 12.2. Plaintiff alleges that, "[p]ursuant to RCW 49.46.200, [Defendant] must compensate Plaintiff and [PCMs] at their regular and normal wages." *Id.*, ¶ 12.3.

49. During the 3-Year SOL Period, PCMs worked a total of at least 1,088,915.39 hours and, thus, Defendant estimates that Plaintiff is alleging that PCMs are owed at least 27,222.88 paid sick leave hours (1,088,915.39 hours / 40 hours) at their "regular and normal wages." Consequently, utilizing Plaintiff's "typical" base hourly rate of $30.15, Defendant calculates the total base regular wages AIC on Plaintiff's putative class claims for paid sick leave violations to be *at least* **$820,769.83** (27,222.88 paid sick leave hours x $30.15), plus such additional amounts through the ultimate adjudication of this action.

50. In addition, as averred above, Plaintiff alleges that Defendant's failure to pay wages was *willful* and *intended* to deprive PCMs of wages and, therefore, the PCMs are "entitled to recovery of twice such damages or exemplary damages … under RCW 49.52.070." *See* Exh. A (Complaint), ¶¶ 15.4, 15.5. Therefore, the AIC is increased for such double damages by an additional **$820,769.83**, plus such additional amounts through the ultimate adjudication of this action.

51. Accordingly, the AIC on Plaintiff's claim for failure to accrue and allow use of paid sick leave is at least **$1,641,539.66** [$820,769.83 + $820,769.83], plus such additional amounts through the ultimate adjudication of this action.


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

## <u>STATUTORY ATTORNEYS' FEES</u>

52. Plaintiff also seeks statutory attorneys' fees in connection with each and every cause of action alleged in the Complaint. *See* Exh. A (Complaint), ¶¶ 8.10, 9.10, 10.4, 11.4, 12.5, 13.5, 14.4, 15.5, 16.6 & Prayer for Relief, ¶ F. In the Ninth Circuit, when attorneys' fees are authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Johnson v. America Online, Inc.*, 280 F.Supp.2d 1018 (N.D. Cal. 2003); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Where, as here, a common fund recovery potentially is sought, the Ninth Circuit uses a benchmark rate of 25% of the potential award as an estimate for attorneys' fees. *See*, *e.g.*, *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998) ("This circuit has established 25% … as a benchmark award for attorney fees."); *Glass v. UBS Fin. Servs.*, 331 Fed.Appx. 452, 457 (9th Cir. 2009). Utilizing Defendant's calculations of the amount in controversy on Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action ***only*** and the 25% benchmark for attorneys' fees used in the Ninth Circuit, Defendant calculates the amount in controversy on Plaintiff's **statutory attorneys' fees** claim to be no less than **<u>$2,371,323.10</u>** [$9,485,292.38 x 25%].

53. Based on the foregoing, the amount in controversy on Plaintiff's First, Second, Third, Fourth, and Fifth Causes of Action ***only***, inclusive of statutory attorneys' fees, is at least **<u>$11,856,615.48</u>**, which exceeds the $5,000,000.00 CAFA threshold:


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

| **Cause of Action / Claim** | **Amount in Controversy** |
|---|---|
| Non-Compliant Rest Periods | $421,949.29 |
| Non-Compliant First Meal Periods | $2,269,013.75 |
| Non-Compliant Second Meal Periods | $395,366.93 |
| Off-the-Clock Work – Post-Shift Work | $477,455.08 |
| Off-the-Clock Work – Clock-In Wait Time | $238,727.55 |
| Off-the-Clock Work – After-Hours Communications | $119,363.76 |
| Failure to Accrue and Allow Use of Paid Sick Leave | $820,769.83 |
| **SUBTOTAL** | **$4,742,646.19** |
| Double Damages | $4,742,646.19 |
| **SUBTOTAL** | **$9,485,292.38** |
| Statutory Attorneys' Fees (25%) | $2,371,323.10 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$11,856,615.48** |

54. Defendant expressly reserves and does not waive its right to amend this Notice of Removal and/or offer evidence and/or further averments supporting the Court's jurisdiction over this action under CAFA or traditional diversity jurisdiction or otherwise, including without limitation as to additional and/or different AIC calculations based on any or all of Plaintiff's causes of action alleged in the Complaint, including higher assumed amounts of time, rates of pay and/or violations rates, longer time periods, and/or different or additional types of wages and/or damages. Additionally, Defendant assumes that the proposed class is as defined by Plaintiff in the Complaint for purposes of this Notice of Removal only, but expressly reserves and does not waive its position that the proposed class definition is improper and/or cannot be certified.

55. In addition, nothing in this Notice of Removal is intended to be or should be construed as any type of express or implied admission by Defendant of any fact, of the validity or merits of any of Plaintiff's claims, causes of action, or allegations, or of any liability for the same, all of which to the are hereby expressly denied, or as any type of express or implied waiver or

limitation of Defendant's rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved.

## IV. TIMELINESS OF REMOVAL

56. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) which provides that such Notices "shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim upon which such action or proceeding is based." Additionally, the Ninth Circuit has held and clarified that removal is timely under CAFA at any time so long as (1) the face of the complaint does not plainly allege all elements needed for CAFA jurisdiction (including the amount in controversy), and (2) plaintiffs have not served some other "paper" that concedes all elements needed for CAFA jurisdiction. *See Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125-26 (9th Cir. 2013) (a removing defendant may remove "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines" set forth in 28 U.S.C. § 1446(b)(1) and (b)(3); "a defendant's subjective knowledge cannot convert a non-removable action into a removable one such that the thirty-day time limit of § 1446(b)(1) or (b)(3) begins to run against the defendant").[6]

57. Here, the Complaint does not plainly allege all elements needed for removal under CAFA, and Plaintiff has not served some other "paper" that concedes all elements needed for such removal. Therefore, this removal is timely pursuant to 28 U.S.C. § 1446(b)(3) and Ninth Circuit precedent.

---

[6] *See also Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (reaffirming *Roth*) ("We also recently held in *Roth v. CHA Hollywood Med. Ctr., L.P.*, that the two 30-day periods are not the exclusive periods for removal…. In other words, as long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time."); *Taylor v. Cox Commc'ns California, LLC*, 673 F. App'x 734, 735 (9th Cir. 2016) ("'A CAFA case may be removed [by a defendant] at any time, provided that neither of the two thirty-day periods under § 1446(b)(1) and (b)(3) has been triggered.'"); *Jackson v. Compass Grp. USA, Inc.*, 2019 WL 3493991, at *3 (C.D. Cal. July 31, 2019) (finding removal based on traditional diversity jurisdiction was timely where the complaint did not indicate on its face that more than $75,000 was in controversy and, thus, the thirty-day removal clock did not start); *Jakuttis v. Allstate Indem. Co.*, 2015 WL 3442083, at *2-4 (C.D. Cal. May 27, 2015) (same).


BAKER & HOSTETLER LLP
999 Third Avenue, Suite 3900
Seattle, WA 98104-4040
Telephone: (206) 332-1114

## V. NOTICE TO PLAINTIFF

58. Contemporaneously with the filing of this Notice of Removal in this Court, written notice of such filing will be served on Plaintiff's counsel of record as reflected in the attached Certificate of Service. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior Court of Washington for Spokane County.

WHEREFORE, having provided notice as is required by law, the State Court Action should be removed to this Court.

Dated: August 19, 2026

BAKER & HOSTETLER LLP

*s/ Cornelia Brandfield-Harvey*

Phillip H. Wang, WSBA # 57647
Cornelia Brandfield-Harvey, WSBA # 59746
999 Third Avenue, Suite 3900
Seattle, WA 98104
Tel: (206) 332-1114
pwang@bakerlaw.com
cbrandfieldharvey@bakerlaw.com

Matthew C. Kane (*PHV application forthcoming*)
California State Bar No. 171829
Amy E. Beverlin (*PHV application forthcoming*)
California State Bar No. 284745
1900 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067-4508
Tel: (310) 820-8800
mkane@bakerlaw.com
abeverlin@bakerlaw.com

*Attorneys for Defendant Old Dominion Freight Line, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 19th, 2026, I electronically filed the foregoing with the Clerk of the Court, and will serve Plaintiff's Counsel via e-mail at the addresses below.

Cassandra Lenning
Danielle E. Kim
Julian M. Cano
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
dkim@tomorrowlaw.com
clenning@tomorrowlaw.com
jcano@tomorrowlaw.com

*Attorneys for Plaintiff*

Dated: August 19, 2026

*s/ Cornelia Brandfield-Harvey*
*Cornelia Brandfield-Harvey*

# EXHIBIT A

EXHIBIT A

FILED
7/2/2026
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT FOR THE STATE OF WASHINGTON
FOR SPOKANE COUNTY**

| | |
|---|---|
| SUTTERMEMORY F. TALAMONI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia Corporation in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 26-2-03337-32<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INUNCTIVE RELIEF** |

Plaintiff Suttermemory F. Talamoni ("Plaintiff"), by Plaintiff's undersigned counsel, brings this class action complaint against Old Dominion Freight Line, Inc., and any respective subsidiaries or affiliated companies within the State of Washington (collectively, with DOES 1 through 100, as further defined below, "Defendants"), and alleges as follows:

## I. INTRODUCTION

1.1 Nature of Action. Defendants have engaged in wage and hour abuses against its Washington State hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal periods to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; (5) failing to accrue sick leave for and failing to allow



**Bibiyan Law Group, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendants' deliberate and willful failure to pay their employees their earned wages violates Washington State law.

1.2 Plaintiff and the Class Members are current and former hourly-paid or non-exempt employees of Defendants who have been victimized by Defendants' unlawful compensation practices. This lawsuit is brought as a class action under Washington State law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. The Superior Court of Washington has jurisdiction pursuant to RCW 2.08.010. Defendants are within the jurisdiction of this Court. Defendants do business in the State of Washington and have operations in Spokane County. Defendants are registered to conduct business in the State of Washington. Defendants employ putative class members statewide, including in Spokane County, Washington, and the unlawful acts alleged herein have a direct effect on individuals who work and live in Washington State.

2.2 Venue. Venue is proper in Spokane County pursuant to RCW 4.12.025.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class Members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

## III. PARTIES

3.1 Plaintiff. Plaintiff Suttermemory F. Talamoni is a resident of Washington. At all relevant times herein, Plaintiff is informed and believes, and based thereon alleges, that Defendants employed Plaintiff as a non-exempt employee, with duties that included, but were not limited to, operating a forklift for purposed of loading, unloading and securing interstate freight on shipping containers at one of Defendants' warehouse locations. Plaintiff is informed and



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

EXHIBIT A

believes, and based thereon alleges, that he worked for Defendants from approximately April 7, 2025, to April 7, 2026.

3.2 Defendant. Plaintiff is informed and believes and based thereon alleges that Defendant Old Dominion Freight Line, Inc. is, and at all times relevant hereto was, a limited liability company organized and existing under and by the virtue of the laws of the State of Washington and doing business in Spokane County.

3.3 Defendants Does 1 through 100. The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 through 100, inclusive, are currently unknown to Plaintiff, who therefore sues defendants by such fictitious names. Plaintiff is informed and believes and based thereon alleges that each of the Defendants designated herein as DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the defendants designated hereinafter as DOES when such identities become known.

3.4 Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action, as the agent of the other Defendant(s), carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each defendant are legally attributable to the other Defendants. Whenever, heretofore or hereinafter, reference is made to "Defendants," it shall include Old Dominion Freight Line, Inc., and any of its parent, subsidiary, or affiliated companies within Washington state, and DOES 1 through 100 identified herein.

## IV. JOINT LIABILITY ALLEGATIONS

4.1 Plaintiff is informed and believes and based thereon alleges, that all the times mentioned herein, each of the Defendants was the agent, principal, employee, employer, representative, joint venture or co-conspirator of each of the other defendants, either actually or


**Bibiyan Law Group, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

ostensibly, and in doing the things alleged herein acted within the course and scope of such agency, employment, joint venture, and conspiracy.

4.2 All of the acts and conduct described herein of each and every corporate Defendant was duly authorized, ordered, and directed by the respective and collective Defendant corporate employers, and the officers and management-level employees of said corporate employers. In addition thereto, said corporate employers participated in the aforementioned acts and conduct of their said employees, agents, and representatives, and each of them; and upon completion of the aforesaid acts and conduct of said corporate employees, agents, and representatives, the Defendant corporation respectively and collectively ratified, accepted the benefits of, condoned, lauded, acquiesced, authorized, and otherwise approved of each and all of the said acts and conduct of the aforementioned corporate employees, agents and representatives.

4.3 As a result, Plaintiff is informed and believes, and based thereon alleges that Defendants, and each of them, are joint employers.

## V. SUMMARY OF FACTUAL ALLEGATIONS

5.1 Defendants have engaged in, and continue to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the State of Washington.

5.2 Defendants knew or should have known Plaintiff and Class Members were entitled to receive wages for all time worked, including regular and overtime wages. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members all wages owed for work required to be performed, in violation of Washington state wage and hour laws.

5.3 Plaintiff is informed and believes, and thereon alleges, Defendants maintain a practice and/or policy of failing to track all minutes actually worked by Plaintiff and Class


BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

Members and failing to pay Plaintiff and Class Members for all minutes worked at the proper rates of pay. Defendants engaged, suffered, or permitted Plaintiff and Class Members to work off the clock, including, without limitation, by requiring Plaintiff and Class Members to complete post-shift tasks after clocking out; to suffer under Defendants' control by waiting in long lines to clock in; and make phone calls/respond to emails/texts after hours regarding scheduling due to weekly schedule changes. By way of example, Plaintiff and, upon information and belief, Class Members, had to wait in line to clock in when multiple employees clocked in at once due to the limited amount of time clocks. Additionally, Plaintiff's mandatory post-shift duties included closing the warehouse and securing and locking the chains.

5.4 Moreover, Defendants detrimentally edited and/or manipulated time entries so the hours recorded were less than the hours actually worked. For example, when Defendants' time clock malfunctioned, which would happen often, Plaintiff would have to request a missed punch form to log his time but his time would not be accurately reflected on his wage statements.

5.5 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive full, timely thirty (30) minute and duty-free uninterrupted meal period for days on which they worked more than five (5) hours in a work day and a second thirty (30) minute uninterrupted meal period for days on which they worked in excess of ten (10) hours in a work day, yet failed to provide Plaintiff and Class Members with legally compliant meal periods and failed to provide compensation for such missed meal periods as required by Washington State wage and hour laws.

5.6 By way of example, Defendants regularly denied Plaintiff and Class Members lawful meal periods by, without limitation, failing to provide meal periods all together in order to meet quota demands; interrupting meal periods to discuss issues related to work tasks; not providing timely meal periods due to quota demands; failing to provide second meal periods;



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

EXHIBIT A

providing short meal periods; and requiring that employees carry cellular telephones during meal periods.

5.7 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive a full ten-minute, off-duty, paid, and uninterrupted rest break for every four (4) hours worked, and that no employee could be required to work more than three (3) consecutive hours without a rest break. Yet, Defendants failed to authorize and permit Plaintiff and Class Members to take legally compliant rest periods and failed to provide compensation for such missed rest breaks as required by Washington State wage and hour laws.

5.8 By way of example, Defendants regularly denied Plaintiff and Class Members lawful rest breaks by, without limitation, by failing to provide rest breaks all together; failing to provide rest breaks that were at least ten minutes in length, including rest breaks that may have encompassed a total of ten minutes but were in practice less than ten uninterrupted minutes due to, without limitation, walking time to get to back to the work station; interrupting rest breaks; requiring employee carry cellular telephones during rest breaks; not providing rest breaks in a timely fashion; not permitting employees to leave the premises during rest breaks; and otherwise requiring on-duty/on-call rest breaks.

5.9 Defendants knew or should have known that Plaintiff and Class Members who separated from their employment with Defendants during the statutory period were entitled to timely payment of all wages due. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to pay Plaintiff and Class Members the full amount of their wages owed to them upon termination and/or resignation as required by law, including for, without limitation, failing to pay overtime wages, minimum wages, premium wages and paid time off.

5.10 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive complete and accurate wage statements and failed to abide by the



**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

EXHIBIT A

requirements of WAC 296-126-040. Plaintiff is informed and believes, and thereon alleges, that Defendants failed to furnish Plaintiff and Class Members with itemized wage statements that accurately reflect the pay basis, rate or rates of pay, gross wages, and all deductions for that pay period pursuant to WAC 296-126-040. As a result thereof, Defendants failed to furnish employees with an accurate calculation of gross pay and gross wages earned, as well as gross and net wages paid.

5.11 Defendants knew or should have known that Plaintiff and Class Members were entitled to receive all wages earned at least once per calendar month, on days designated in advance by Defendants as the regular paydays. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members the full amount of wages earned in a timely fashion as required by WAC 296-126-023.

5.12 Defendants knew or should have known that Plaintiff and Class Members were entitled to be provided mandatory work uniforms at no cost, or otherwise be fully reimbursed for the purchase of mandatory work uniforms under RCW 49.12.450. Plaintiff is informed and believes, and thereon alleges, Defendants failed to provide or reimburse Plaintiff and Class Members for the costs incurred for purchasing mandatory work uniforms such as safety gloves and safety boots, thereby unlawfully reducing and withholding their wages under RCW 49.48.010 and RCW 49.52.050.

5.13 Defendants knew or should have known that Plaintiff and Class Members were entitled to the timely payment of wages upon termination. Plaintiff is informed and believes, and thereon alleges, Defendants failed to pay Plaintiff and Class Members, the full amount of their wages owed to them upon termination and/or resignation as required by RCW 49.48, including for failing to pay overtime wages, minimum wages, premium wages, and paid time off at their final rate of pay.



**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

EXHIBIT A

5.14 Defendants knew or should have known that Plaintiff and Class Members were entitled to paid sick leave. Plaintiff is informed and believes, and thereon alleges, Defendants failed to provide Plaintiff and Class Members with the rights provided to them under the Washington Paid Sick Leave Law, codified at RCW 49.46.210.

5.15 Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members for all hours worked over forty (40) in a week at a rate of not less than one and one-half times their regular rate of pay.

5.16 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and the Class Members during workweeks in which missed rest breaks extended the workweek beyond forty (40) hours.

5.17 Defendants have engaged in a common course of failing to pay overtime wages to Plaintiff and the Class Members during workweeks in which missed meal periods extended the workweek beyond forty (40) hours.

5.18 Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.040(3). Defendants have engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class Members worked each day or the total hours they worked each week.

5.19 Defendants had actual or constructive knowledge of the facts set forth above.

## VI. CLASS ACTION ALLEGATIONS

6.1 Class Definition. Pursuant to Washington Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

All hourly-paid or non-exempt employees of Defendants in the


**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

State of Washington at any time during the period from three years preceding the filing of this Complaint to final disposition of this action.

Excluded from the Class are any entity in which any Defendant has a controlling interest or which has a controlling interest in any other Defendant, and any of Defendants' legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family. All the members of the class are collectively referred to as "Class Members."

6.2 Numerosity. The Class is so numerous that joinder of all Class Members is neither feasible nor practical. The membership of the classes is unknown to Plaintiff at this time. However, based on Plaintiff's investigation, and on information and belief, the number of class members is reasonably estimated to be at least several thousand individuals. The identity of Class Members is readily ascertainable from Defendants' employment records.

6.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class Members. These questions include, but are not limited to, the following:

a. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class Members with a ten-minute rest break for every four hours of work;

b. Whether Defendants have engaged in a common course of requiring Plaintiff and the Class Members to work more than three consecutive hours without a rest break;

c. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class Members have received the rest breaks to which they are entitled;

d. Whether Defendants have engaged in a common course of failing to provide Plaintiff and the Class Members with a thirty-minute meal period for every five hours of work;


BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

e. Whether Defendants have engaged in a common course of failing to ensure that Plaintiff and the Class Members have received their meal periods to which they are entitled;

f. Whether Defendants have engaged in a common course of failing to pay minimum wages to Plaintiff and the Class Members for all hours worked;

g. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all overtime wages to which they are entitled;

h. Whether Defendants have engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class Members;

i. Whether Defendants have engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class Members by requiring Plaintiff and the Class Members to incur employer expenses and failing to reimburse them;

j. Whether Defendants have engaged in a common course of failing to pay Plaintiff and the Class Members all the wages to which they are entitled;

k. Whether Defendants failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class Members;

l. Whether Defendants failed to furnish itemized pay statements to Plaintiff and the Class Members;

m. Whether Defendants willfully deprived Plaintiff and the Class Members of the wages to which they were entitled;

n. Whether Defendants have violated RCW 49.12.020;

o. Whether Defendants have violated WAC 296-126-092;

p. Whether Defendants have violated RCW 49.46.130;



**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

EXHIBIT A

q. Whether Defendants have violated RCW 49.46.090;

r. Whether Defendants have violated RCW 49.46.210;

s. Whether Defendants have violated RCW 49.48.010;

t. Whether Defendants have violated WAC 296-126-025;

u. Whether Defendants have violated WAC 296-126-028;

v. Whether Defendants have violated WAC 296-128-620;

w. Whether Defendants have violated RCW 49.52.050;

x. Whether Defendants have violated WAC 296-126-023; and

y. The nature and extent of class-wide injury and the measure of compensation for such injury.

6.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendants employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

6.5 Adequacy. Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has retained competent and capable attorneys with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel has interests that are contrary to or that conflict with those of the proposed Class.

6.6 Superiority. Class action adjudication is superior to the other methods of adjudication for at least the following reasons:

a. The common questions of law and fact described below predominate over questions affecting only individual members, and the questions affecting


**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

individuals primarily involve calculations of individual damages.

b. The prosecution of separate actions by the Class Members could either result in inconsistent adjudications establishing incompatible pay practices or, as a practical matter, dispose of the legal claims of Class Members who are not parties to such separate adjudications.

c. Individual Class Members would have little interest in controlling the litigation due to the relatively small size of most claims, and because Representative Plaintiff and Plaintiff's attorneys will vigorously pursue the claims on behalf of the Class Members.

d. A class action will be an efficient method of adjudicating the claims of the Class Members.

6.7 Public Policy Considerations. Employers in Washington State regularly violate wage and hour and other employment laws. The value of individual and employee claims is often small as compared with the relative cost of litigation. Current employees are often afraid to assert their rights out of fear of retaliation. Class actions provide putative class members who are not named in the complaint with a type of anonymity that allows for the vindication of their rights while at protecting their privacy.

6.8 Predominance. Defendants have engaged in a common course of wage and hour abuse towards Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues. For example, Plaintiff, and upon information and belief, were not compensated for all time worked as discussed above and were, at times, required to forgo legally mandated meal periods and rest breaks in order to meet quota demands.



**Bibiyan Law Group, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Rest Breaks)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest breaks during their shifts.

8.6 Under Washington law, Defendants have an obligation to provide employees with the rest breaks to which they are entitled.

8.7 Under Washington law, Defendants have an obligation to ensure that employees receive the rest breaks to which they are entitled.

8.8 Under Washington law, Defendants have an obligation to provide employees with ten minutes of additional pay for each missed rest break.

8.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020 and WAC 296-126-092.



**Bibiyan Law Group, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

8.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. SECOND CLAIM FOR RELIEF

### (Violations of RCW 49.12.020 and WAC 296-126-092 – Failure to Provide Meal Periods)

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

9.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

9.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

9.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

9.6 Under Washington law, Defendants have an obligation to provide employees with the meal periods to which they are entitled.

9.7 Under Washington law, Defendants have an obligation to ensure that employees receive the meal periods to which they are entitled.



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

9.8 Under Washington law, Defendants have an obligation to provide employees with thirty minutes of additional pay for each missed meal period.

9.9 By the actions alleged above, Defendants have violated the provisions of RCW 49.12.020, and WAC 296-126-092.

9.10 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

**(Violation of RCW 49.46.130 – Failure to Pay Overtime Wages)**

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 RCW 49.46.130 provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

10.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.130.

10.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.

## X. FOURTH CLAIM FOR RELIEF

**(Violation of RCW 49.46.090 – Payment of Wages Less Than Entitled)**



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

11.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.46.090.

11.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.

## XI. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

12.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

12.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

12.3 Pursuant to RCW 49.46.200, Defendants must compensate Plaintiff and the Class Members at their regular and normal wages.

12.4 By the actions alleged above, Defendants have violated the provisions of RCW



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

49.46.210 and WAC 296-128-620.

12.5 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.46.090, and costs.

## XII. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

13.3 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); *see also* RCW 49.52.060; WAC 296-128-010(9).

13.4 By the actions alleged above, Defendants have violated the provisions of RCW 49.52.060 and WAC 296-126-028.

13.5 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIII. SEVENTH CLAIM FOR RELIEF

**(Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)**

14.1 Plaintiff and the Class reallege and incorporate by reference each and every



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
EXHIBIT A

EXHIBIT A

allegation set forth in the preceding paragraphs.

14.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him or her on account of his or her employment shall be paid to him or her at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

14.3 By the actions alleged above, Defendants have violated the provisions of RCW 49.48.010.

14.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class Members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## XIV. EIGHTH CLAIM FOR RELIEF

**(Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)**

15.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

15.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his or her wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

15.3 Defendants' violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

EXHIBIT A

15.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld or exemplary damages, attorneys' fees, and costs.

15.5 As a result of the willful, unlawful acts of Defendants, Plaintiff and the Class Members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to recovery of twice such damages or exemplary damages, including interest thereon, as well as attorneys' fees under RCW 49.52.070, and costs.

## XV. NINTH CLAIM FOR RELIEF

### (Violation of WAC 296-126-023 – Failure to Pay All Wages Due at Established Pay Periods)

16.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

16.2 Pursuant to WAC 296-126-023, Defendants are required to pay all wages due to employees at regular intervals of no longer than one month.

16.3 Defendants maintained a uniform policy and practice of failing to pay Plaintiff and Class Members all earned wages on their regularly scheduled paydays.

16.4 By failing to pay Plaintiff and Class Members all wages due on their established paydays, Defendants violated WAC 296-126-023, RCW 49.46.090, and RCW 49.12.020.

16.5 Defendants' failure to timely pay wages was willful, intentional, and not the result of a bona fide error or dispute.

16.6 As a result of the unlawful acts of Defendants, Plaintiff and the Class (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class Members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.



**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT A

EXHIBIT A

## XVI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the members of the Class, prays for a judgment against Defendants as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class Members compensatory and exemplary damages;

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff and the Class Members, as provided by law; and

H. Grant such other and further relief and this Court deems just and proper.

DATED this 1st day of July, 2026.

**BIBIYAN LAW GROUP, P.C.**

By: */s/Cassandra W. Lenning*

Cassandra W. Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
Julian M. Cano, WSBA No. 58843
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
Fax: (310) 300-1705
*clenning@tomorrowlaw.com*
*dkim@tomorrowlaw.com*
*jcano@tomorrowlaw.com*

*Attorneys for Petitioner*




EXHIBIT A

# EXHIBIT B

FILED
7/2/2026
Timothy W Fitzgerald
Spokane County Clerk

**SUPERIOR COURT FOR THE STATE OF WASHINGTON**
**FOR SPOKANE COUNTY**

| | |
|---|---|
| SUTTERMEMORY F. TALAMONI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>OLD DOMINION FREIGHT LINE, INC., a Virginia Corporation in the State of Washington, and DOES 1 through 100, inclusive,<br><br>Defendants. | No. 26-2-03337-32<br><br>**SUMMONS** |

TO: OLD DOMINION FREIGHT LINE, INC.

A lawsuit has been started against you in the above-entitled court by Plaintiff. Plaintiff's claims are stated in the written complaint, a copy of which is served upon you with this summons.

In order to defend against this lawsuit, you must respond to the complaint by stating your defense in writing, and by serving a copy upon the person signing this summons within 20 days after the service of this summons, excluding the day of service, or a default judgment may be entered against you without notice. A default judgment is one where the plaintiff is entitled to what is asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the



BIBIYAN LAW GROUP, P.C.
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555

EXHIBIT B

demand must be in writing and must be served upon the person signing this summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the court or the service on you of this summons and complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

DATED this 1st day of July, 2026

**BIBIYAN LAW GROUP, P.C.**

By: */s/Cassandra W. Lenning*

Cassandra Lenning, WSBA No. 54336
Danielle E. Kim, WSBA No. 54154
Julian M. Cano, WSBA No. 58843
**BIBIYAN LAW GROUP, P.C.**
1460 Westwood Blvd.
Los Angeles, CA 90024
Telephone: (310) 438-5555
Fax: (310) 300-1705
*dkim@tomorrowlaw.com*
clenning@tomorrowlaw.com
*jcano@tomorrowlaw.com*

*Attorneys for Plaintiff*

# EXHIBIT C

EXHIBIT C

FILED
7/2/2026
Timothy W Fitzgerald
Spokane County Clerk

**CIVIL: Other Complaint/Petition**
SPOKANE COUNTY SUPERIOR COURT
Case Information Cover Sheet (CICS)

**Case Number** 26-2-03337-32 **Case Title** Suttermemory F. Talamoni vs Old Dominion Freight Line, Inc.

**Attorney Name** Cassandra Lenning **Bar Membership Number** 54336

Please check one category that best describes this case for indexing purposes. Accurate case indexing not only saves time in docketing new cases, but helps in forecasting needed judicial resources. Cause of action definitions are listed on the back of this form. Thank you for your cooperation.

**OTHER COMPLAINT/PETITION**

- ☐ ABL Abusive Litigation
- ☐ BAT Ballot Title
- ☐ CHN Non-Confidential Change of Name
- ☐ CRP Pet. for Cert. of Restoration of Opportunity
- ☐ EOM Emancipation of Minor
- ☒ EMP Employment
- ☐ INJ Injunction
- ☐ INT Interpleader
- ☐ LFC Law Enforcement Face Covering
- ☐ MHA Malicious Harassment
- ☐ MSC Miscellaneous Civil (to include Action to Compel/confirm Private Binding Arbitration, Deposit of Surplus Funds, and Subpoenas)
- ☐ MST2 Minor Settlement (Not Guardianship)
- ☐ PCC Petition for Civil Commitment (Sexual Predator)
- ☐ PRG Property Damage – Gangs
- ☐ PFT Prorate Fuel Tax Subpoena
- ☐ PRA Public Records Act
- ☐ RDR Relief from Duty to Register
- ☐ RFR Restoration of Firearms Rights
- ☐ SDR School District Required Action Plan
- ☐ SPC Seizure of Property from the Commission of a Crime
- ☐ SPR Seizure of Property Result of a Crime
- ☐ SER Subdivision Election Process Review
- ☐ VEP Vote Election Law Review
- ☐ WAT Water Rights Adjudication (Whatcom Only)

**If you cannot determine the appropriate category, you may consider using the MSC-Miscellaneous Civil cause of action.**

***Please Note: Public information in court files and pleadings may be posted on a public Web site.***



EXHIBIT C

**CIVIL: Other Complaint/Petition**

**Abusive Litigation -** Request to restrict a current or former intimate partner party from filing abusive litigation for the purposes of harassing, intimidating, or maintaining contact with the other party.

**Ballot Title** - Action for review of the ballot title (RCW 29A.36.090).

**Petition for Certificate of Restoration of Opportunity** - Request for order that is intended to facilitate obtaining housing and employment (RCW 9.97.020).

**Change of Name** - Petition for a change of name. If change is confidential due to domestic violence/anti-harassment see case type 5 instead.

**Deposit of Surplus Funds** - Deposit of money or other item with the court.

**Emancipation of Minor** - Petition by a minor for a declaration of emancipation.

**Employment** - Complaints involving disputes between employer and employee. Includes whistleblower actions. Do not use for administrative law review of employment matters.

**Injunction** - Complaint/petition to require a person to do or refrain from doing a particular thing.

**Interpleader** - Petition for the deposit of disputed earnest money from real estate, insurance proceeds, and/or other transaction(s).

**Law Enforcement Face Covering** - Civil cause of action against an officer for being detained while the officer was wearing a face covering while acting in his or her official capacity, other than allowed in Chapter 10.116 RCW.

**Malicious Harassment** - Suit involving damages resulting from malicious harassment.

**Minor Settlements** - Petition for a court decision that an award to a minor is appropriate when no letters of guardianship are required (e.g., net settlement value $25,000 or less).

**Miscellaneous (All other Civil filing types)**- Unspecified civil cause of action (including but not limited to, Action to Compel/Confirm Private Binding Arbitration, Deposit of Surplus Funds, and Subpoenas).

**Petition for Civil Commitment (Sexual Predator)** - Petition for the involuntary civil commitment of a person who 1) has been convicted of a sexually violent offense whose term of confinement is about to expire or has expired, 2) has been charged with a sexually violent offense and who has been determined to be incompetent to stand trial who is about to be released or has been released, or 3) has been found not guilty by reason of insanity of a sexually violent offense and who is about to be released or has been released, and it appears that the person may be a sexually violent predator.

**Property Damage-Gangs** - Complaint involving damage to property related to gang activity.

**Prorate Fuel Tax Subpoena –** Actions filed under Chapt. 82.42 RCW for ex parte orders for subpoenas for fuel tax collection violation investigations. (7/1/2024

**Public Records Act** - Actions filed under RCW 42.56.

**Relief from Duty to Register** - Civil action requesting relief from duty to register as a sex offender. Petition can address the registration obligation that arises from multiple cases. RCW 9A.44.142, 9A.44.143.

**Restoration of Firearms Rights** - Petition seeking restoration of firearms rights under RCW 9.41.040 and 9.41.047. (Eff. 9-2-2014)

**School District Required Action Plan** - Petition filed requesting court selection of a required action plan proposal relating to school academic performance.

**Seizure of Property from the Commission of a Crime** - Seizure of personal property that was employed in aiding, abetting, or commission of a crime, from a defendant after conviction.

**Seizure of Property Result from a Crime** - Seizure of tangible or intangible property that is the direct or indirect result of a crime, from a defendant following criminal conviction (e.g., remuneration for, or contract interest in, a depiction or account of a crime).

**Subdivision Election Process Review** - Petition seeking court acknowledgement of compliance (RCW 29A.92).

**Vote Election Law Review** - Action filed by voters requesting review of Voting Rights Act (RCW 29A.92).

**Water Rights Adjudication** - Legal process to resolve conflict and competition of a water source. Court action requires involvement of the Wash. Dept. of Ecology. (Title 90 RCW). Use of this cause of action is limited by statute. Currently, only Whatcom County Superior Court accepts court filings related to water rights adjudication

# EXHIBIT D

EXHIBIT D

**CASE NUMBER**
**2620333732**
**SN:4.0 PC:1**

FILED
7/27/2026
Timothy W Fitzgerald
Spokane County Clerk

SUPERIOR COURT FOR THE STATE OF WASHINGTON FOR SPOKANE COUNTY

| | |
|---|---|
| **Plaintiff / Petitioner:**<br>SUTTERMEMORY F. TALAMONI | **Case No:**<br>26-2-03337-32 |
| **Defendant / Respondent:**<br>OLD DOMINION FREIGHT LINE, INC., et al. | DECLARATION OF SERVICE |

The undersigned, being first duly sworn on oath deposes and says: That he/she is now and at all times herein mentioned was a citizen of the United States, over the age of eighteen years, not a party to or interested in the above entitled action and competent to be a witness therein.

That on Thu, Jul 09 2026 at 08:56 AM, at the address of 711 Capitol Way South Suite 204, within Olympia, WA, the undersigned duly served the following document(s): SUMMONS; CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF; CIVIL: OTHER COMPLAINT/PETITION; CASE INFORMAITON COVER SHEET in the above entitled action upon OLD DOMINION FREIGHT LINE, INC., by then and there, at the residence and usual place of abode and/or place of employment of said person(s), personally delivering 1 true and correct copy(ies) of the above documents into the hands of and leaving same with OLD DOMINION FREIGHT LINE, INC..

**Description:**
OLD DOMINION FREIGHT LINE, INC.
JAMES ROBERTS INTAKE SPECIALIST FOR CT CORPORATION SYSTEM REGISTERED AGENT FOR OLD DOMINION FREIGHT LINE, INC.

**I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:**

07/10/2026

Anthony Degollado
THURSTON 24-0425-08

**Date**

Anthony Degollado - Northwest Legal Process, LLC. - Service Provider
1910 4TH AVENUE EAST Suite 34
OLYMPIA, WA 98506
360-810-8009

EXHIBIT D